# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JIMMIE RODGERS,** | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 16-354-RAW-KEW |
| **KAMERON HARVANEK, Warden,** | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as barred by the statute of limitations (Dkt. 7). Petitioner, a pro se prisoner in the custody of the Oklahoma Department of Corrections, is incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma. He is attacking his conviction and sentence in Marshall County District Court Case No. CF-2009-134 for Endeavoring to Manufacture a Controlled Dangerous Substance.

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on February 25, 2010, Petitioner's Judgment and Sentence was entered following his plea of guilty and sentencing (Dkts. 8-1, 8-2). Because he did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, the conviction became final on March 8, 2010, ten days after entry of the Judgment and Sentence.[1] *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statutory year began to run on March 9, 2010, and it expired on March 9, 2011. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final).

On October 9, 2013, Petitioner sent a letter to the state district court (Dkt. 8-3). The state court construed the letter as a motion to modify Petitioner's sentence and denied the

---

[1] The tenth calendar day fell on March 7, 2010, which was a Sunday. Thus, Petitioner's convictions became final on the following business day which was Monday, March 8, 2010. *See* Okla. Stat. tit. 12, § 2006(A).

request on May 7, 2014 (Dkt. 8-4). Citing Okla. Stat. tit. 22, § 1051, the district court found it lacked jurisdiction because the motion was filed more than a year after sentencing. *Id.* Therefore, this Court finds the motion was not "properly filed" pursuant to 28 U.S.C. § 2244(d)(2). Furthermore, the motion was filed outside the one-year limitation period.

On January 15, 2016, Petitioner filed an application for post-conviction relief with the state district court (Dkt. 8-5). The application was denied on March 9, 2016, because Petitioner's claim of ineffective assistance of counsel had been waived, and Petitioner incorrectly had assumed his deferred sentence was reduced by his time in jail (Dkt. 8-6). Petitioner appealed the denial to the Oklahoma Court of Criminal Appeals (Dkt. 8-7), which affirmed the denial of relief on June 14, 2016, in Case No. PC-16-263 (Dkt. 8-8).

Because Petitioner did not initiate his post-conviction application until the limitation period had expired, there is no statutory tolling for those proceedings. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). Therefore, this habeas corpus petition which was filed on August 17, 2016 (Dkt. 1) is untimely.

Petitioner alleges in his response to Respondent's motion to dismiss that *Lafler v. Cooper*, 566 U.S. 156 (2012), and the companion case of *Missouri v. Frye*, 566 U.S. 133 (2012), govern the resolution of the merits of his habeas claim alleging counsel was ineffective. *Lafler* and *Frye*, however, did not announce a new constitutional right that would extend the limitation period under 28 U.S.C. § 2244(d)(1)(C). *See In re Graham*, 714 F.3d 1181 (10th Cir. 2013).

3

Even if the cited cases had set forth a new rule made applicable to Petitioner's case, the deadline for filing his petition would have been March 22, 2013, one day plus one year after the *Lafler* and *Frye* decisions were rendered. *See Harris*, 642 F.3d at 907 n.6. Further, because Petitioner initiated no post-conviction proceedings between March 21, 2012, and March 22, 2013, there would have been no statutory tolling. The Court, therefore, finds Petitioner's habeas corpus petition clearly is time-barred.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss time-barred petition (Dkt. 7) is GRANTED, and this action is, in all respects, DISMISSED. Furthermore, Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this <u>14th</u> day of August 2017.

Ronald A. White
United States District Judge
Eastern District of Oklahoma